In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 08-3275 & 08-3418

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JESUS N. GONZALEZ-MENDOZA AND
OMAR ALEJANDRO GONZALEZ-VILLA,

*Defendants-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 844—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED SEPTEMBER 10, 2009—DECIDED OCTOBER 14, 2009

Before MANION, SYKES, and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* Omar Alejandro Gonzalez-Villa ("Villa") and Jesus N. Gonzalez-Mendoza ("Mendoza") pleaded guilty to conspiring to distribute or possess with intent to distribute heroin and cocaine. The district court sentenced Villa and Mendoza to 142 months' and 130 months' imprisonment, respectively. They appeal their sentences, and we affirm.

I.

At the direction of law enforcement agents, a confidential informant pretending to be interested in purchasing a truck approached Villa, who had advertised one for sale. The conversation evolved into a discussion about narcotics. The informant secretly recorded the conversation as he and Villa discussed the price of a kilogram of heroin, and Villa later provided the informant with a sample of heroin. The next day, agents conducted a stop of Villa's vehicle near his residence. During the course of the stop, Villa told agents that inside a pickup truck in his garage was a suitcase containing a large sum of cash and eight kilograms of cocaine. Villa also consented to a search of his house and garage. Inside the pickup truck in the garage, agents discovered a suitcase containing $312,000 in cash and a duffel bag containing three kilograms of heroin and four kilograms of cocaine. Villa then told agents that he was from Mexico and was in Chicago to oversee drugs and drug proceeds for a Mexican cartel. Villa also stated that he received $1500 per week for carrying out his oversight responsibilities.

When agents searched Villa's house, they encountered Mendoza, Villa's 19-year-old brother-in-law from Mexico who had been living in the house for two months. When questioned by agents shortly after they entered the house, Mendoza stated he had packed the currency found in the suitcase at Villa's direction and that he had previously wrapped money on Villa's instruction. Mendoza also admitted he knew the money was drug proceeds. Mendoza was questioned by agents a second

time at the residence and a third time at a police station; both times he repeated that he had wrapped the money in the suitcase at Villa's direction, although he did not say he knew the currency was drug proceeds.

Villa and Mendoza were indicted for conspiring to distribute or possess with intent to distribute heroin and cocaine, as well as possession with intent to distribute the same. Villa also was charged with one count of distributing heroin based on the sample he provided to the confidential informant. The defendants filed motions to suppress evidence and statements they had made to agents, which the district court denied. Villa and Mendoza then entered guilty pleas to the count of conspiring to distribute or possess with intent to distribute heroin and cocaine.

At sentencing, the district court enhanced Villa's Guidelines offense level by two levels for being a manager or supervisor in the offense and denied his request for a safety-valve adjustment. The court enhanced Mendoza's offense level by two levels after finding he had obstructed justice by making false statements in his affidavit in support of his suppression motion, and the court did not reduce his offense level for acceptance of responsibility. The district court then sentenced Villa and Mendoza to 142 months' and 130 months' imprisonment, respectively. The defendants now appeal, challenging their sentences.[1]

---

[1] Villa originally challenged the district court's denial of his motion to suppress in his opening brief. We subsequently granted his motion to withdraw that argument.

II.

*A. Villa*

On appeal, Villa first argues that the district court erred by enhancing his offense level for serving as a manager or supervisor of criminal activity under U.S.S.G. § 3B1.1(c). We review a district court's determination that a defendant played a managerial or supervisory role in an offense for clear error. *United States v. Pira*, 535 F.3d 724, 730 (7th Cir. 2008).

Under § 3B1.1(c), a two-level increase in a defendant's offense level is warranted if the criminal activity involved fewer than five participants and the defendant was an "organizer, leader, manager, or supervisor."[2] Villa contends that the § 3B1.1(c) enhancement cannot be applied unless he exercised some element of control over another participant in the offense. There is some

---

[2] The Guidelines do not define the terms "manager" or "supervisor." Although application note 4 to § 3B1.1 instructs that the following seven factors are to be used to distinguish organizers/leaders from managers/supervisors, we have concluded "that they are still relevant in ascertaining whether an individual had a supervisory role at all," *United States v. Howell*, 527 F.3d 646, 649 (7th Cir. 2008): (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others.

tension in our case law on this point.[3] But even if control over another participant is the *sine qua non* for an enhancement under § 3B1.1, there was evidence that Villa exercised control over Mendoza: Mendoza told agents he had packed the money in the suitcase at the direction of Villa and that he had done so on other occasions.[4] In addition, Villa admitted he was in Chicago to oversee drugs and drug proceeds for a Mexican cartel, which suggests he played a coordinating or organizing part in the criminal activity. For these reasons, the district court did not clearly err by finding that Villa occupied a man-

---

[3] *Compare, e.g., United States v. Anderson*, No. 08-2925, slip op. at 22, 2009 WL 2778236, at *9 (7th Cir. Sept. 3, 2009) (stating that § 3B1.1 enhancement "cannot be applied unless the defendant exercised some control over others involved in the commission of the offense" (quotation marks and citations omitted)), *and United States v. Fones*, 51 F.3d 663, 668-70 (7th Cir. 1995) (holding that § 3B1.1 enhancement was improperly applied where defendant lacked control of or authority over another participant), *with Pira*, 535 F.3d at 730 (stating it is not necessary "'that the defendant exercised control, so long as the criminal activity involves more than one participant and the defendant played a coordinating or organizing role.'" (quoting *United States v. Carrera*, 259 F.3d 818, 827 (7th Cir. 2001))).

[4] Villa argues that fact is not indicative of his control over Mendoza, but merely shows he and Mendoza were co-conspirators who divided responsibilities. That is not the most reasonable characterization of Mendoza's statement. But assuming that characterization is plausible, we will not find clear error when the fact finder has chosen between two permissible views of the evidence. *United States v. Hatten-Lubick*, 525 F.3d 575, 580 (7th Cir. 2008).

agerial or supervisory role and enhancing his offense level accordingly under § 3B1.1(c).

Villa also argues that the district court erred by finding he did not qualify for a two-level "safety valve" adjustment under U.S.S.G. §§ 2D1.1(b)(11) and 5C1.2. One requirement for safety-valve relief is that the defendant was not a manager or supervisor of others in the offense, U.S.S.G. § 5C1.2(a)(4); therefore, our affirmance of the district court's § 3B1.1(c) enhancement of Mendoza's offense level for being a manager or supervisor forecloses that argument. *United States v. Sainz-Preciado*, 566 F.3d 708, 715 (7th Cir. 2009).

*B. Mendoza*

Mendoza's first argument is that the district court erred by enhancing his offense level under U.S.S.G. § 3C1.1 for obstructing justice.[5] Our review of a district court's factual findings supporting a § 3C1.1 enhancement is for clear error. *United States v. Powell*, 576 F.3d 482, 498 (7th Cir. 2009).

In his motion to suppress the statements he made to agents, Mendoza asserted that he was subjected to

---

[5] Section 3C1.1 provides: "If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels."

custodial interrogation prior to receiving his *Miranda* warnings. In his affidavit in support of the suppression motion, Mendoza claimed that he was handcuffed immediately after agents entered the house, was then taken to the garage and questioned, and did not receive any *Miranda* warnings until he arrived at the police station. At an evidentiary hearing, however, an agent testified that Mendoza was not handcuffed immediately upon the entry of agents into the residence, but was only escorted to the living room and asked some questions while agents conducted a search of the house. The same agent also stated that after the initial questioning, Mendoza was given *Miranda* warnings by another agent while inside the residence before being questioned a second time. The district court credited the government agent's account of events at the house, found Mendoza's version false, and enhanced Mendoza's offense level for obstruction of justice. We will assume, as both parties concede, that the district court's enhancement was based on a finding of perjury.

According to application note 4(b) to § 3C1.1, "committing, suborning, or attempting to suborn perjury" is an example of conduct to which the enhancement applies. Perjury occurs "when a witness testifying under oath gives false testimony about a material matter with the willful intent to provide false testimony, instead of as a result of confusion, mistake, or faulty memory." *United States v. Price*, 516 F.3d 597, 607 (7th Cir. 2008) (citing *United States v. Dunnigan*, 507 U.S. 87, 94 (1993)).

Mendoza argues that the statements he made in his affidavit were not false. We give special deference to a

district court's credibility determinations, however, which seldom constitute clear error. *United States v. White*, 240 F.3d 656, 661 (7th Cir. 2001). Because the district court's view of the evidence presented during the suppression hearing and in Mendoza's affidavit was plausible, we will not re-weigh the evidence. *See id.* at 660-61.

Mendoza also claims that his statements, even if false, were legal in nature rather than factual and thus could not have been material. Not so. Mendoza's statements were factual: they asserted that the circumstances surrounding his questioning by agents transpired in a certain way. And those statements were clearly material.[6] Mendoza's claim that he was handcuffed immediately after agents entered the residence bore on whether he was in custody when he was first questioned and thus whether he was entitled to *Miranda* warnings at that point in time. His claim that he was not given any *Miranda* warnings until after he was taken to the police station was relevant to determining whether he was improperly interrogated without such warnings when questioned the second time at the residence. Had the district court believed Mendoza's assertions in his affidavit, Mendoza's motion to suppress the statements he gave to agents might have been granted; hence, those assertions were material. For these reasons, the district

---

[6] "Material" information is "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 app. n.6.

court's application of the § 3C1.1 obstruction of justice enhancement was not clearly erroneous.

Mendoza also argues that the district court erred in finding he did not qualify for an acceptance of responsibility offense level reduction.[7] Under U.S.S.G. § 3E1.1(a), a sentencing court may decrease a defendant's offense level by two levels if he "clearly demonstrates acceptance of responsibility for his offense." But a defendant whose sentence was properly enhanced for obstruction of justice is presumed not to have accepted responsibility. *United States v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006). Only when exceptional circumstances are present will that presumption be overcome. *Id.* at 1009-10.

As discussed above, the district court's enhancement of Mendoza's offense level for obstructing justice was appropriate; therefore, he is presumed not to have accepted responsibility. Mendoza does not argue that exceptional circumstances exist that would justify an acceptance of responsibility reduction, and there is nothing in the record that demonstrates exceptional circumstances. Merely pleading guilty and saving the government from trial preparation are alone insufficient

---

[7] The government argues that Mendoza either waived or forfeited this argument by not raising it in the district court. Had Mendoza raised the issue, our review would be for clear error. *United States v. Messino*, 382 F.3d 704, 709 (7th Cir. 2004). Because we conclude Mendoza cannot prevail under the clear error standard of review, we need not decide whether he waived or forfeited the argument.

for a defendant to receive an acceptance of responsibility reduction, "especially in the face of false statements by the defendant." *United States v. Partee*, 301 F.3d 576, 581 (7th Cir. 2002). Accordingly, the district court's determination that Mendoza was not eligible for a reduction for acceptance of responsibility was not clearly erroneous.

III.

Based on the foregoing, we conclude that the district court did not commit clear error by determining that Villa was a manager or supervisor in the offense and that he was not eligible for a safety-valve adjustment. For Mendoza, the district court did not clearly err in finding he obstructed justice and was not eligible for an acceptance of responsibility reduction. Accordingly, we AFFIRM the defendants' sentences.