NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued November 18, 2009
Decided December 10, 2009

**Before**

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1173

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>ROBERTO SANCHEZ,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 08 CR 521-1<br><br>Suzanne B. Conlon, *Judge.* |

**O R D E R**

Roberto Sanchez appeals the district court's decision to include within his advisory guideline computation a three-level increase for being a manager or supervisor of a criminal activity involving five or more participants (namely, drug dealing). U.S.S.G. § 3B1.1(b). The court then sentenced Sanchez consistently with that range. Finding no error in either the district court's understanding of the scope of the Guideline or in its factual findings, we affirm.

**I**

Sanchez pleaded guilty to conspiracy to possess cocaine with intent to distribute, possession with intent to distribute cocaine, and use of a communication facility in connection with a felony narcotics offense. See 21 U.S.C. §§ 841(a)(1), 843(b), 846; 18 U.S.C. § 2. At this point, Sanchez is not taking issue with the drug type and quantity that dictated his base offense level. Instead, he focuses on the recommendation in the Presentence Investigation Report that his offense level should be increased by three for his role in the offense. See U.S.S.G. § 3B1.1(b). The writer of the PSR concluded that this increase was proper because the offense involved five participants, and Sanchez exerted authority over co-defendant Raul Gallegos Rojas. Sanchez objected to the recommended increase.

Sanchez urged that his case is analogous to *United States v. Mankiewicz*, in which this court reversed an increase in the defendant's sentence under § 3B1.1(c) after concluding that the evidence did not show that he had exerted the "sort of real and direct influence, aimed at furthering the criminal activity, that the enhancement was intended to punish." 122 F.3d 399, 406 (7th Cir. 1997) (internal quotations and citation omitted). The district court, however, saw things otherwise. It determined that the central point of this conspiracy was to obtain cocaine from California, transport it to Chicago, and then transport money back to California. Relying on what it characterized as undisputed facts, the court found that Rojas was under Sanchez's control with respect to the subject matter of the conspiracy (drugs and money) because Sanchez recruited Rojas to pick up cocaine in California, deliver it to Chicago, and return to California with payment. In addition, Sanchez bought the truck Rojas used in the trips and directed Rojas's actions during those trips. The district court overruled Sanchez's objection, applied the increased base offense level, and sentenced Sanchez to 151 months' imprisonment.

**II**

Although Sanchez suggests both that a *de novo* standard governs the district court's decision to apply § 3B1.1 and that an abuse of discretion approach might apply, in fact we use the clear error standard for reviewing a determination of the defendant's role in the offense. See, *e.g.*, *United States v. Johnson*, 489 F.3d 794, 796 (7th Cir. 2007); *United States v. Carrera*, 259 F.3d 818, 826 (7th Cir. 2001).

Section 3B1.1(b) instructs a sentencing court to increase a defendant's base offense level by three "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." This subsection describes a middle ground between § 3B1.1(a), which provides a four-level increase for a defendant who was an organizer or leader of an offense involving

extensive criminal activity, and § 3B1.1(c), which provides a two-level increase for a defendant who was an organizer, leader, manager, or supervisor of less extensive criminal activity than that covered by subsections (a) and (b). The commentary to § 3B1.1 defines "participant" as someone who is "criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1 cmt. n.1. It also identifies a number of factors that help the court to distinguish among these levels of responsibility. The list includes:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4. See *United States v. Howell*, 527 F.3d 646, 649 (7th Cir. 2008). The background note to § 3B1.1 explains that the purpose of this enhancement is to ensure that a defendant's sentence is commensurate with his "relative responsibility" for the commission of an offense. U.S.S.G. § 3B1.1 cmt. background.

Sanchez asserts that there was insufficient evidence to find that he managed or supervised Rojas. Relying on § 3B1.1 commentary note 4, he maintains that the record is devoid of evidence that he exercised decision-making authority, claimed a larger share of the fruits of the crime, planned anything other than Rojas's trips, or had control over anyone. See U.S.S.G. § 3B1.1 cmt. n.4. Instead, he contends that the district judge was required to see his actions as indistinguishable from those of the defendant in *Mankiewicz*, who recruited his father to assist him in receiving a single drug delivery, then directed him where to stack bales of marijuana in a warehouse and asked him to accompany the drug runner to a motel where the runner would meet with the head of the drug enterprise. 122 F.3d at 406.

But Sanchez's role was materially different from Mankiewicz's. Sanchez recruited Rojas to act as a courier transporting drugs and drug proceeds across the country, purchased a vehicle for Rojas to use during these trips and put it in Rojas's name, ensured that the vehicle had a secret compartment for holding drugs, and told Rojas where to make the drug pick-ups and deliveries. Like the defendant in *United States v. Vargas*, Sanchez was "principally responsible for arranging the logistics of cocaine deliveries or payments." 16 F.3d 155, 160 (7th Cir. 1994). We have held before that "[o]rchestrating or coordinating activities performed by others makes a particular defendant a manager or supervisor." *United States v. Martinez*, 520 F.3d 749, 752 (7th Cir. 2008); see also *Vargas*, 16 F.3d at 160 (approving a § 3B1.1 increase for a defendant who arranged transportation logistics).

Moreover, control over another participant is an especially important signal, whether or not it is the "*sine qua non* for an enhancement under § 3B1.1." See *United States v. Gonzalez-Mendoza*, 584 F.3d 726, 729 (7th Cir. 2009). And here there was ample evidence that Sanchez exercised control over Rojas: Rojas told FBI agents that he transported drugs at Sanchez's direction, and that it was Sanchez who put him in touch with a dealer in California, told him the pick-up and delivery locations, and paid him. The district court did not clearly err in deciding that Sanchez was a manager for the purposes of § 3B1.1(b).

Sanchez also contends that the district court applied § 3B1.1(b) based solely on the government's recommendation, without addressing his objections to the increase or relying on other specific evidence. The record belies that. The court thoroughly considered all the evidence before drawing a conclusion, and it explained its reasoning adequately.

In the alternative, Sanchez argues that even if the district court correctly characterized him as a manager or supervisor, it was nonetheless wrong to impose a three-level increase in his base offense level. Relying on *Martinez*, 520 F.3d 749, Sanchez maintains that the court should have applied § 3B1.1(c) (which calls for a two-level increase) instead of § 3B1.1(b), because he supervised fewer than five people in coordinating the transportation of the drugs and money. In *Martinez*, the district court concluded that the defendant should receive an increase under § 3B1.1(c) because his role was to supervise the "delivery logistics," which involved only two other people. *Id.* at 752. But this court noted that the defendant "received a break" when the district court increased his base offense level by two because "a defendant who acts as a manager or supervisor in a criminal activity involving at least four other participants should receive a three-level increase even if he managed or supervised just one of the participants." *Id.*

Here, the district court concluded that the facts did not support "fractionalizing" the conspiracy into transport and distribution subdivisions and found, based on undisputed facts, that Sanchez was a manager and five or more people were involved in the conspiracy. The record adequately supports the court's conclusion about the number of participants: Sanchez pleaded guilty to conspiracy with three named co-defendants, and there were at least two unindicted co-conspirators. As this court explained in *United States v. McGuire*, these findings end the inquiry: "The plain language of § 3B1.1(b) requires only that a defendant was a manager '*and* the criminal activity involved five or more participants' – not that a defendant managed, or controlled, the five or more participants." 957 F.2d 310, 316 (7th Cir. 1992). The district court did not clearly err in applying a three-level increase under § 3B1.1(b) rather than a two-level increase under § 3B1.1(c).

Accordingly, we AFFIRM the district court's judgment.