NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2010
Decided June 24, 2010

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

Nos. 08-3886 & 09-2683

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 630 |
| RANDALL BREWSTER and KENDALL W. BREWSTER, | Amy J. St. Eve, |
| *Defendants-Appellants.* | *Judge.* |

**O R D E R**

Randall and Kendall Brewster both pleaded guilty to their roles in a crack distribution conspiracy. *See* 21 U.S.C. §§ 846, 841(a)(1). From 2004 to 2006, Randall supplied powder cocaine and crack to a number of wholesale dealers, including Kendall, who operated around "The Square," a low-income housing project on Chicago's west side. Randall fronted the powder cocaine and crack to the dealers, who would pay for the drugs after selling them to individual users. Randall was sentenced to 300 months' imprisonment and Kendall to 312 months. Both filed notices of appeal, but their appointed lawyers have separately asked to withdraw because they have determined that an appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). We invited both defendants to respond to their counsel's submissions, *see* CIR. R. 51(b), but only Randall submitted a

response. We limit our review to the issues considered in counsel's facially adequate supporting briefs and Randall's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel tell us that neither defendant wants his guilty plea vacated, and so they properly omit any discussion of the adequacy of the plea colloquies or the voluntariness of the pleas. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel for both Randall and Kendall question whether they could contest the district court's findings of relevant conduct. In Randall's case, the district court included as relevant conduct certain uncharged drug deals and a gun sale that were described by a witness and recorded in phone calls. As a result of the court's relevant conduct finding, Randall's base offense level was raised four levels. In Kendall's case, the court considered his indictment in another case (involving Randall and 54 other codefendants) to conspire to sell drugs at The Square. In this case Kendall admitted dealing about 70 grams of crack, but the court considered relevant his admissions in the other case that he distributed 469 grams of crack and 224 grams of heroin. Relevant conduct may be used to increase a sentence if it is part of the same course of conduct as the charged offense or part of a common scheme or plan. U.S.S.G. § 1B1.3; *United States v. Pira*, 535 F.3d 724, 728 (7th Cir.), *cert. denied*, 129 S. Ct. 583 (2008). Offenses are considered part of a common scheme if they involve "common victims, common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3 cmt. n.9; *see United States v. Perez*, 581 F.3d 539, 545 (7th Cir. 2009). We agree with counsel that it would be frivolous to argue that the district court clearly erred in finding that the brothers' relevant conduct included dealing the same type of drugs (crack cocaine), in the same location (The Square), with the same accomplices. Moreover, Kendall agreed with the government that his offense level should be set at 34 based on the amount of drugs involved in the offense, so any argument he would make concerning his offense level would be frivolous. *See United States v. Sloan*, 492 F.3d 884, 893 (7th Cir. 2007); *United States v. Newman*, 148 F.3d 871, 878 (7th Cir. 1998).

Counsel for Randall next considers whether he could argue that the district court incorrectly found him responsible for 2.4 kilograms of crack cocaine and 326 grams of powder cocaine. We would review the district court's findings as to drug quantity for clear error. *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007). But because there was extensive evidence from wiretaps, FBI agents, and cooperating witnesses that Randall obtained, processed, and distributed that amount of crack and cocaine powder, it would be frivolous for Randall to argue that the court's determination of quantity was clearly erroneous.

Randall's counsel next considers whether he might challenge the district court's finding that he possessed a firearm in connection with the offense (thereby increasing his offense level by two). *See* U.S.S.G. § 2D1.1(b)(1); *United States v. Orozco*, 576 F.3d 745, 751-52 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 1313 (2010). But it would be frivolous for counsel to contest the connection of Randall's firearm possession to his drug dealing given that recordings of wiretapped calls corroborated the account of a cooperating witness who fingered Randall for not only selling him drugs but also brokering the sale of two firearms to him.

In his response to counsel's motion, Randall questions whether he might challenge the district court's criminal-history calculation. Randall was convicted for possession of a controlled substance in January 1995 and was sentenced to probation. Then a month later he was arrested and ultimately convicted in December 1995 for possession with intent to distribute. So on the same day in January 1996 he was sentenced to five years' imprisonment on the possession-with-intent-to-distribute conviction, and his earlier probation was revoked, resulting in a three-year prison term. Randall suggests that the imposition of these two terms on the same day means they should be grouped for criminal history purposes, *see* U.S.S.G. § 4A1.2(a)(2), but the imprisonment on the January conviction was actually a revocation of probation; revocations are always counted separately from convictions in criminal history calculations. *See id.* cmt. n.11 ("If, however, at the time of revocation another sentence was imposed for a new criminal conviction, that conviction would be computed separately from the sentence imposed for the revocation."); *United States v. Eubanks*, 593 F.3d 645, 654-55 (7th Cir. 2010). Moreover, "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest," U.S.S.G. § 4A1.2(a)(2), and Randall's convictions were separated by his arrest in February 1995.

Counsel for Kendall considers a challenge to the two-level adjustment for Kendall's role in the offense as a manager. *See* U.S.S.G. § 3B1.1; *United States v. Gonzalez-Mendoza*, 584 F.3d 726, 728-29 (7th Cir. 2009). At sentencing Kendall argued that he did not deserve any adjustment because he did not determine how much crack was sold, command a larger share of the profits, or set the price. But the district court concluded, based on Kendall's own grand jury testimony, that he did supervise the retail sellers by deciding how much drugs each seller would receive and then collecting the proceeds. Given this testimony, any contention that this conclusion was clearly erroneous would be frivolous.

Counsel next considers whether Kendall might renew his argument that he should have received an additional reduction in offense level for acceptance of responsibility (three rather than two) because he pleaded guilty before trial. *See* U.S.S.G. § 3E1.1(b). The district court refused to grant the further reduction because Kendall's plea on the eve of trial did

not spare the government the effort of preparing for trial. But more critically, the further reduction would be appropriate only if sought by the government, and here it was not. *See United States v. Deberry*, 576 F.3d 708, 710 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2060 (2010). Any such challenge would therefore be frivolous.

Finally, both counsel consider whether either Randall or Kendall might challenge the reasonableness of their sentences. But both defendants were sentenced within the guidelines, and a sentence within a properly calculated range is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). In determining Randall's sentence, the district court considered his extensive criminal history, the substantial amount of crack cocaine that he distributed, and, based on the recordings presented in the case, the presence of his children whenever he cooked cocaine into crack. In determining Kendall's sentence, the court considered his extensive, violent criminal history, his classification as a recidivist, and his apparent lack of remorse despite the repeated violence to protect his drug dealing activities. Because the court meaningfully considered the § 3553(a) factors as they applied to each defendant, any argument challenging their sentences would be frivolous. *See, e.g., United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008).

Accordingly, counsel's motions to withdraw are **GRANTED** and the appeals are **DISMISSED**.