**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 27, 2010[*]
Decided June 20, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-3739

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-00253 |
| CRAIG L. JOHNSON *Defendant-Appellant.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Craig Johnson was convicted in a jury trial, in the District Court for the Eastern District of Wisconsin, of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). For reasons detailed below, we vacated the court's 96-month sentence and remanded

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

for resentencing. On remand, the court reimposed the same sentence, and Johnson appeals now for a second time.  For the reasons that follow, we AFFIRM.


## I.  Background

When the district court initially sentenced Johnson, it determined to impose a two-level sentencing enhancement for obstruction of justice.  *See* U.S.S.G. § 3C1.1.[1]  The district court meant to impose the enhancement because of untruthful statements that Johnson made while testifying in his own defense, including statements to the effect that he had never possessed the handgun at issue or seen it before his trial.  But the district court's discussion imposing the enhancement was ambiguous.

Generally, the court did not clearly identify the specific perjurious statement or statements that made the sentencing enhancement appropriate. Furthermore, the district court discussed Johnson's apparently false statements about the circumstances of his prior felonies, even though these could not properly be the basis of a sentencing enhancement because they would not be "material," as Johnson had already stipulated to having a prior felony conviction. *See* U.S.S.G. § 3C1.1, Application Note 6 (To be "material," a perjurious statement must "tend to influence or affect the issue under determination."). The court's ambiguous discussion drew into question whether the sentencing enhancement was imposed on proper grounds. Therefore, we reversed the district court.  We stated in relevant part:

> On the record, it cannot be determined that the trial court found that Johnson made a particular material false statement with willful intent, sufficient to enhance Johnson's sentence for obstructing justice.  Therefore, the sentence must be vacated and remanded so the district court can . . . make the appropriate findings if it determines an obstruction enhancement is applicable in this case.[2]

*United States v. Johnson*, 612 F.3d 889, 895 (7th Cir. 2010).  In November of 2010, the district court conducted a new hearing and discussed *inter alia* the obstruction of justice enhancement.  The

---

[1] That Guideline allows for a two-level enhancement of the defendant's offense level, if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction . . . ."  U.S.S.G. § 3C1.1(A) (2009).

[2] We reversed the district court's sentence for that reason and one other reason not relevant here.

district court judge recited much of his prior discussion and explained what he had meant. He stated as follows, in relevant part:

> The Court: Now, what the Court did not say, but what it meant to say when it said "the Court views this as a mistruth," it meant to make a finding . . . . as [to] false testimony that was material, and willful, and went to lying to the Judge and jury about matters crucial to the question of guilt. And that testimony was that he denied ever seeing a gun . . . and that . . . in court was the first time that he had ever seen the gun.
>
> \* \* \*
>
> [Prosecutor]: Judge, can I ask . . . the Court is referring to, directly, the Defendant's testimony about not having seen the gun previously, and the first time having seen it was in court. That's what the Court is finding, at least separately, is false and material?
>
> The Court: That's correct.
>
> [Prosecutor]: Okay.
>
> The Court: I don't want it to be confused with the minimization of his prior record. That's a specific finding. And it . . . does bear directly upon his–the question of guilt or innocence. Cannot be considered merely as a defense, although the Court indicated that that was the argument of the defense at the time. It didn't disregard it, but it rejected it.

The court concluded that the sentencing enhancement was indicated and once again sentenced Johnson to 96 months of incarceration. Johnson timely appealed.


## II. Discussion

We do not credit Johnson's argument that the district court's statements were again inadequate to support the sentencing enhancement, and we find that the court's discussion properly supported the sentence imposed.

In our first encounter with this case, we noted that to impose the obstruction of justice enhancement on the basis of perjury, as the district court purported to do, "the district court

should make a finding as to all of the factual predicates necessary for a finding of perjury: false testimony, materiality, and willful intent." *Johnson*, 612 F.3d at 893. Ideally a sentencing court should make individualized findings as to each of these elements, but such findings are not strictly required. A sentencing enhancement may be upheld if it is clear that the judge imposed it on the basis of a lie under oath about a material issue. *See id.*; *United States v. White*, 240 F.3d 656, 662 (7th Cir. 2001) (citing *United States v. Hickok*, 77 F.3d 992, 1008 (7th Cir. 1996)). *Hickok* explained that an obstruction of justice enhancement is not appropriate for a simple denial of guilt, but that if the defendant "'decide[s] to take the stand and tell the jury a story,' he does so at his own risk." *Hickok*, 77 F.3d at 1007 (quoting *United States v. Contreras*, 937 F.2d 1191, 1194 (7th Cir. 1991)).

Here, the district court clearly read this court's opinion and understood which of Johnson's false testimonial statements were a proper basis for imposing the sentencing enhancement. The court specifically described Johnson's denial under oath of any knowledge of the gun as false, material and willfully misleading. Moreover, the district court specifically found that Johnson's statements went beyond a mere denial of guilt. *See United States v. Dinga*, 609 F.3d 904, 909 (7th Cir. 2010) (citing *Hickok*, 77 F.3d at 1007). They were representative of a pattern of prevarication evident throughout Johnson's testimony.[3]

It is true that the sentencing court once again devoted some attention to Johnson's minimization of his prior record, even though any such minimization could not be "material" because Johnson had stipulated to having a prior felony conviction. The court paid particular attention to Johnson's mischaracterization of a Colt .45 involved in a prior crime. The district court had some familiarity with this weapon and was obviously incensed that Johnson had suggested that it was "old" or "antique" and impliedly therefore not dangerous. Several statements could be read to suggest that the court viewed Johnson's minimization of his prior record as a basis for the obstruction of justice enhancement. The court stated, "obstruction occurred relative to the minimization of the prior record." The court also stated, "[i]n a way I am [basing the obstruction enhancement on testimony about prior offenses], because it's the context within which this offense occurs, and a lie occurred relative to the gun." Nevertheless, when pressed to clarify the issue, the court stated,

> It's not the basis for the obstruction enhancement. . . . to deny it and state . . . that "this was the first time I've ever seen that gun," was the basis for the Court's finding. It is enhanced and it is supported by the fact that the Court finds there was, in effect, a prevarication about previous offenses.

---

[3] The court also accepted the PSR, which indicated that Johnson made similar false statements to the Milwaukee police following his arrest. The court did not expressly rely on that instance of dishonesty in imposing the obstruction of justice enhancement.

We will take the sentencing court at its word as to the basis for its imposition of the obstruction of justice enhancement.

We must dispose of two additional arguments by Johnson. First, a lie as to whether he had ever seen the gun before trial was undoubtedly material to his guilt or innocence on a possession charge, regardless of whether a constructive possession instruction was given. Even if the jury convicted him on a constructive possession theory, he could not have constructively possessed a gun of which he had no knowledge,[4] so his false testimony was still material to his guilt or innocence. Second, we reject Johnson's apparent argument that the court's factual findings were clearly erroneous. *See United States v. Gonzalez-Mendoza*, 584 F.3d 726, 729 (7th Cir. 2009) (factual findings supporting U.S.S.G. § 3C1.1 enhancement are reviewed for clear error). Assuming that this issue has not been waived, we detect no clear error in the court's determination that Johnson lied by denying any prior knowledge of the gun that the jury convicted him of possessing.

In sum, by lying throughout his testimony about matters both material and immaterial, Johnson imposed on the sentencing court the task of sorting through which lies were a proper basis for a sentencing enhancement and which were not. This complexity tripped up the sentencing court on the first attempt and earned Johnson a second sentencing hearing. This will not work twice. Johnson is not entitled to yet another sentencing hearing. For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[4] *See United States v. Lloyd*, 71 F.3d 1256, 1266 (7th Cir. 1995) ("Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.") (quoting *United States v. Moore*, 936 F.2d 1508, 1526 (7th Cir. 1991)). It is at least conceivable that under very specific conditions one could constructively possess a gun without ever actually seeing it, but this is not the case for that nuanced argument because the handgun was located in Johnson's right front pants pocket. In any case, whether the jury convicted on an actual or constructive possession theory, Johnson's statements "tend[ed] to influence" the question of possession, which was the "issue under determination." *See* U.S.S.G. § 3C1.1, Application Note 6.