NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012
Decided April 19, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2251

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 09-CR-62-BBC-02 |
| FRANCISCO URESTI, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Francisco Uresti pleaded guilty to conspiring to sell cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1). The district judge sentenced Uresti as a career offender. *See* U.S.S.G. § 4B1.1. The judge also added two offense levels for obstruction of justice, *see id.* § 3C1.1, and declined to award any points for acceptance of responsibility, *see id.* § 3E1.1, because Uresti had fled to Texas after learning that he had been charged with the crime. The judge calculated a guidelines imprisonment range of 360 months to life but sentenced Uresti below that range, to 240 months, because of his serious injuries from a snowmobile accident. Uresti filed a notice of appeal, but his appointed lawyer now seeks to withdraw because she believes the appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Uresti opposes this motion and requests the appointment of new counsel. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Uresti's response. *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Uresti does not want his guilty plea set aside. Counsel thus appropriately omits from her brief any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel first considers whether Uresti could argue that the career-offender guideline was misapplied but correctly rejects this potential argument as frivolous. At sentencing Uresti disputed that his Illinois conviction for aggravated discharge of a firearm, *see* 720 ILCS 5/24-1.2(a)(2), could count as a crime of violence supporting the career-offender designation. *See* U.S.S.G. § 4B1.2(a) & cmt. n.1. Uresti explained that he was held accountable "for the conduct of another and not as being the actual perpetrator of a violent act." (Uresti drove as his brother fired a gun out the window of their truck and shot the motorist that they were chasing several times in the back.) Yet district courts must employ a categorical approach and look to the elements of the crime of conviction rather than the underlying conduct, *see United States v. Thigpen*, 456 F.3d 766, 770 (7th Cir. 2006); *United States v. Lewis*, 405 F.3d 511, 513–14 (7th Cir. 2005), and we have determined that the Illinois crime of aggravated discharge of a firearm under 720 ILCS 5/24-1.2(a)(2) is a crime of violence for purposes of the career-offender guideline, *see United States v. Curtis*, 645 F.3d 937, 941 (7th Cir. 2011).

Counsel next considers whether Uresti could dispute the district judge's refusal to award any reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. The judge found that Uresti obstructed justice, *see id.* § 3C1.1, because he fled Illinois after his lawyer advised him that federal prosecutors had charged him and that he should surrender himself for arrest. We have held that "calculated evasion" of arrest can support the increase for obstruction of justice, *see United States v. Arceo*, 535 F.3d 679, 687 (7th Cir. 2008); *United States v. Porter*, 145 F.3d 897, 903–04 (7th Cir. 1998), and even though the government agreed with Uresti that he should receive a downward adjustment for acceptance of responsibility, the district court concluded that Uresti's case did not present extraordinary circumstances warranting application of a § 3E1.1 reduction despite his obstructive conduct. *See* U.S.S.G. § 3E1.1 cmt. n.4. We agree with counsel that an appellate claim challenging this finding as clearly erroneous, *see United States v. Black*, 636 F.3d 893, 900 (7th Cir. 2011), would be frivolous. When a sentencing court properly finds that the defendant obstructed justice, only a showing of exceptional circumstances will overcome the resulting presumption that the defendant had not accepted responsibility. *United States v. DeLeon*, 603 F.3d 397, 408 (7th Cir. 2010); *United States v. Gonzalez-Mendoza*, 584 F.3d 726, 730–31 (7th Cir. 2009). Counsel is unable to identify any such circumstances.

In his Rule 51(b) response, Uresti proposes to contest the finding that he obstructed justice. He did not obstruct justice "willfully," Uresti says, and instead "simply relocated to

Texas to recouperate [sic] from his snowmobile accident." This argument is frivolous. Uresti told the district judge that his flight was motivated by the worry that he would not receive adequate medical treatment for his injuries in jail, so even by his own account he did not "simply relocate." His flight was not panicked or instinctive; he made a calculated and deliberate decision to leave Illinois to avoid detention and prosecution, from which the district judge could infer that his obstruction of justice was willful. *See Arceo*, 535 F.3d at 687; *Porter*, 145 F.3d at 903–04.

Counsel last considers whether there is a basis to challenge the reasonableness of Uresti's prison sentence. Uresti's sentence is 10 years below the minimum of the guidelines range and is entitled to a presumption of reasonableness. *See United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any reason to set aside that presumption, nor have we. Looking to 18 U.S.C. § 3553(a), the district court acknowledged Uresti's persistent drug dealing but determined that a below-guidelines sentence was warranted because of his serious injuries.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED. Uresti requested substitute counsel, but because we agree with counsel that an appeal would be frivolous, we DENY that request.