NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014
Decided March 19, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1718

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 CR 378 |
| TRALVIS E. EDMOND, | |
| *Defendant-Appellant.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

A jury found Tralvis Edmond guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1). Prior felony convictions for robbery, battery, and distribution of heroin made Edmond a career offender, *see* U.S.S.G. § 4B1.1(a), and the district court calculated a guidelines imprisonment range of 210 to 262 months. Both parties urged the district court to impose a below-guidelines sentence, and the district court concluded that 84 months was appropriate. Edmond filed a notice of appeal, but his appointed attorney, who also represented him at trial, asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Edmond opposes

counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Edmond's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Police in Chicago executed a search warrant at an apartment where Edmond was known to stay several nights a week. The officers discovered 2 loaded guns, 3 grams of heroin divided among 14 packets, 8 grams of cocaine, and several documents corroborating Edmond's use of the apartment, including his social security card, receipts, and bills. Edmond was not present at the time (though his girlfriend and their children were), so the officers entered an investigative alert for him in a computer database. A few months later Edmond was arrested for a traffic offense and taken to a Chicago police station for processing. After *Miranda* warnings he agreed to be interviewed about the investigative alert. Edmond said he had obtained the guns to protect his girlfriend and children from someone who was trying to kill them, and that he was holding the drugs for a neighborhood dealer who had threatened harm if he refused. The interviewing officer's report documents that *Miranda* warnings had been given but does not say expressly that Edmond waived his Fifth Amendment rights after those warnings.

After Edmond was charged in federal court, he moved to suppress this confession. In his motion Edmond asserted through counsel that he never received *Miranda* warnings or waived his Fifth Amendment rights. He later submitted an affidavit averring that the interviewing officer did not give him *Miranda* warnings before he confessed. Yet Edmond did not testify or present other evidence at the evidentiary hearing conducted on his motion by District Judge Manning. In contrast, the interviewing police officer (who also was the affiant for the search warrant) testified that Edmond had waived his rights after *Miranda* warnings, though the officer conceded that no witness had been present. Judge Manning credited the officer's testimony and denied Edmond's motion.

The case then was reassigned to Judge Kennelly. At trial the government called the police officers who found the guns and foil packages (which were all together in a tinted plastic bag), and a chemist who identified the contents as heroin. The government also called as an expert an agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives, who opined that the amount of heroin—which he valued at $100 in bulk and $140 if the foil packages were sold separately—was consistent with a distributable quantity. The agent surmised that the heroin probably was not for personal use because street-level dealers in Chicago typically get 12 to 14 foil packets at a time from mid-level

dealers and keep them together in a plastic bag like the one found in the apartment. In addition, the police officer who interviewed Edmond gave his account of the defendant's confession.

After the government had rested, Edmond moved for a judgment of acquittal. He argued that no eyewitness had seen him with the guns or heroin. The district court denied the motion, explaining that Edmond's confession was enough to convict. The defense then called one witness, another occupant of the apartment building, who testified that Edmond's girlfriend and children lived in the building but that he was present only two or three times per week. The jury then returned guilty verdicts, and the judge denied Edmond's renewed motion for judgment of acquittal.

Counsel and Edmond first question whether the defendant could argue on appeal that Judge Manning erroneously denied his motion to suppress. We review credibility determinations made on a motion to suppress for clear error. *United States v. Vallar*, 635 F.3d 271, 283–84 (7th Cir. 2011). Edmond had submitted an affidavit before the evidentiary hearing, but then at the hearing he declined to testify and instead left uncontradicted that, after *Miranda* warnings, he waived his rights to remain silent and to have a lawyer present during the interview. The district court credited the officer's testimony, and an appellate challenge to that decision would be frivolous. *See United States v. Freeman*, 691 F.3d 893, 900–01 (7th Cir. 2012); *United States v. Smith*, 218 F.3d 777, 780–81 (7th Cir. 2000); *see also Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 167 n.19 (3d Cir. 1999) ("Particularly where opposing affidavits duel for the key to a dispositive issue, affidavits often prove a poor substitute for live testimony."). It makes no difference that the police officer did not state explicitly in his report that Edmond had waived his Fifth Amendment rights. *See Freeman*, 691 F.3d at 900–01.

Appellate counsel also correctly asserts that it would be frivolous for Edmond to contest the sufficiency of the evidence supporting his convictions. When evaluating a sufficiency challenge, we view the evidence in the light most favorable to the government and will uphold the verdict so long as any rational jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Aldridge*, 642 F.3d 537, 544 (7th Cir. 2011).

On the § 922(g)(1) count, the parties stipulated that Edmond already was a convicted felon before the apartment search and that the guns had traveled in interstate commerce. Only the element of possession was at issue, *see United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003), and the jurors chose to believe the police officer's

testimony that Edmond had confessed to possessing the guns. We would not second-guess the jury's assessment. *See United States v. Hampton*, 585 F.3d 1033, 1042 (7th Cir. 2009).

On the heroin count, the government's evidence is not as strong and might have been problematic if not for Edmond's explanation for having the 14 foil packets. Edmond's lawyer tells us that it would be frivolous to raise a claim of insufficient evidence because intent to distribute can be inferred from quantity alone, and the judge gave the government's proposed jury instruction saying that intent to distribute may be inferred "from possession of a quantity of a controlled substance larger than is needed for personal use." Yet this language may not fully conform to this circuit's view about when intent to distribute may be inferred from drug quantity alone. Language in some of our cases states that any quantity above that for personal use can support an inference of intent to distribute, *see United States v. Turner*, 93 F.3d 276, 288 (7th Cir. 1996) (quantity "larger than needed for personal use" allows inference); *United States v. Curry*, 79 F.3d 1489, 1498–99 (7th Cir. 1996) (same), but we also have stated as the standard that a "substantial" amount of drugs is needed to raise that inference, *see United States v. Corral-Ibarra*, 25 F.3d 430, 436 n.4 (7th Cir. 1994); *United States v. Tanner*, 941 F.2d 574, 586 (7th Cir. 1991); *see also United States v. Madera-Madera*, 333 F.3d 1228, 1233 (11th Cir. 2003) ("significantly large quantity"); *United States v. Boyd*, 180 F.3d 967, 980 (8th Cir. 1999) ("large quantities"). The government's expert testified that 3 grams of heroin is a distributable quantity because a typical dosage is 1/4 to 1/3 of a gram, yet the agent also conceded on cross-examination that a heroin user might have that much of the drug on hand for personal use. So the inference is weak, whether it arises from possession of a substantial quantity of drugs or simply from an amount that is "larger than needed for personal use." Edmond possessed only 9 to 12 times the typical dosage, and the expert did not say how many times in a day the average heroin addict uses or how many doses he is likely to have on hand.

Nevertheless, we agree with counsel that on these facts a sufficiency challenge would be frivolous because drawing an inference about intent from the drug quantity was unnecessary. When Edmond was interviewed about his possession of the heroin, he did not say it was for personal use or even that he is a heroin user. Rather, he said that he was holding it for the dealer it belonged to, which implies that he intended to return—to distribute—the dealer's stash when he came calling. *See United States v. Tingle*, 183 F.3d 719, 727 n.3 (7th Cir. 1999) (explaining that "distribute" means to deliver). Transferring possession of a controlled substance, even without remuneration, is distribution. *United States v. Gilmer*, 534 F.3d 696, 702 (7th Cir. 2008); *United States v.*

*Larkins*, 83 F.3d 162, 167 (7th Cir. 1996); *United States v. Coady*, 809 F.2d 119, 124 (1st Cir. 1987). Thus, Edmond's intent to distribute the packaged heroin is evident from his confession.

In his Rule 51(b) response, Edmond also asserts that he could argue on appeal that the district judge committed clear error by applying a two-level upward adjustment for obstruction of justice. *See* U.S.S.G. § 3C1.1. The judge assessed that increase after finding that Edmond falsely stated in his affidavit that he did not receive *Miranda* warnings. Judge Manning had credited the interviewing officer's version of events, and Judge Kennelly reasoned that, since Edmond's affidavit directly contradicts the officer's testimony, the affidavit must be false. Providing materially false information to a judge is ground for this upward adjustment, U.S.S.G. § 3C1.1, cmt. n.4(f), and thus an appellate challenge would be frivolous, *see United States v. Gonzalez-Mendoza*, 584 F.3d 726, 730 (7th Cir. 2009). At all events, because Edmond is a career offender and the statutory maximum for his heroin crime is 20 years, his total offense level was 32 with or without the 2-level increase under § 3C1.1. *See* 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 4B1.1(b)(3).

The only other possible appellate claim concerns the reasonableness of Edmond's overall prison term. We agree with counsel that this claim would be frivolous. The defendant persuaded the district court that his status as a career offender overstates his criminal history, and the judge agreed. Edmond's 84-month sentence is 5 ½ years below the low end of the range that would have applied if he was not a career offender (151 months) and 10 ½ years below the actual range. In fact, the sentence falls within the guidelines range that would have applied if Edmond had been convicted only of possession of a firearm by a felon and not been given the increase for obstruction of justice. The sentence imposed is presumed reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013), and nothing about this case warrants an exception to that presumption. The judge considered Edmond's employment history, good job, and support of his family. The judge also considered the need to prevent Edmond from committing future crimes and the need to combat drugs and guns in Chicago's neighborhoods. *See* 18 U.S.C. § 3553(a). Any challenge to the resulting sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.