NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 8, 2014
Decided April 21, 2014

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-2623

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 399-1 |
| ALI CLAY, *Defendant–Appellant*. | Robert M. Dow, Jr. *Judge.* |

**O R D E R**

In May 2009 and again in June 2011, an informant wearing a concealed camera and microphone purchased crack cocaine from Ali Clay while surveillance agents watched. Both of these transactions occurred in Chicago, but in between Clay lived outside Illinois for 13 months. Clay was arrested immediately following the 2011

transaction and confessed to extensive drug sales since April 2009. Federal authorities charged him with distributing crack, 21 U.S.C. § 841(a)(1).

Clay moved to suppress his incriminating statements on the ground that he was so intoxicated that he could not validly have waived his Fifth Amendment rights to remain silent and to have counsel present during questioning. At an evidentiary hearing on Clay's motion, two federal agents testified that they had given *Miranda* warnings to Clay before questioning him. The agents and a police lieutenant who processed Clay into jail after the interview all testified that Clay did not appear to be, or say that he was, intoxicated. The district judge credited the government's witnesses over Clay's testimony that he could not have given a knowing *Miranda* waiver because he had consumed significant amounts of vodka, marijuana, and ecstasy earlier that day. The court found that Clay's waiver was knowing and voluntary and denied his motion.

Clay then pleaded guilty to the indictment but, according to his newly appointed counsel, reserved the right to challenge on appeal the denial of his motion to suppress. The prosecutor, though, did not sign Clay's written "plea declaration" or any other document specifying the guilty plea to be conditional, and neither did the prosecutor expressly consent to a conditional plea during the plea colloquy. *See* FED. R. CRIM. P. 11(a)(2); *United States v. Combs*, 657 F.3d 565, 569 (7th Cir. 2011). In his plea declaration Clay stipulated that in 2009 and 2011 he had sold the informant a total of 140 to 308 grams of crack. The district court relied on that stipulation instead of accepting the government's argument that Clay, based on his post-arrest statements, was responsible for at least 11 kilograms. The court assigned a base offense level of 32, *see* U.S.S.G. § 2D1.1(c)(4), and added 2 levels after concluding that Clay's testimony at the suppression hearing was an attempt to obstruct justice, *see id.* § 3C1.1. The total offense level of 34, combined with Clay's criminal-history category of IV, yielded a guidelines imprisonment range of 210 to 262 months. After taking into account the factors in 18 U.S.C. § 3553(a), the court sentenced Clay to 192 months' imprisonment.

Clay filed a notice of appeal, but his attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Clay opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that this kind of case might be expected to involve. Because this analysis appears to be thorough, we limit our review to the subjects that counsel has discussed, plus any additional issues that the defendant, disagreeing with counsel, believes have merit. *See United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996). Counsel tells us that Clay does not wish to challenge his guilty plea,

so the lawyer properly omits from his *Anders* submission any discussion about the plea colloquy or the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first discusses whether Clay could challenge the district court's ruling on his motion to suppress. Resolving that motion required the court to choose between the competing accounts given by Clay and the government's witnesses, and absent clear error we would not disturb the court's credibility assessment. *See United States v. Pineda-Buenaventura*, 622 F.3d 761, 774 (7th Cir. 2010). The district judge credited the agents' testimony that Clay had appeared calm and lucid, said nothing about being intoxicated, talked at length about multiple drug deals, and even tried to negotiate with the agents. As counsel explains, a claim that the court committed clear error in crediting the agents would be frivolous. (An appellate claim about the suppression ruling also would be frivolous if Clay's attempt to plead guilty conditionally was unilateral and thus ineffective, since the claim would be waived. *See Combs*, 657 F.3d at 568.)

Counsel and the defendant next consider challenging the drug quantity. The district court relied on Clay's stipulation in attributing to him at least 280 grams of crack. *See United States v. Claybrooks*, 728 F.3d 699, 707 (7th Cir. 2013); *United States v. Clark*, 538 F.3d 803, 812 (7th Cir. 2008). That figure adds together drugs sold in 2009 and 2011 even though Clay had left Illinois for 13 months after being shot. The district court found that Clay's hiatus was just that and not a cessation from selling. All of the sales Clay admitted for 2009 and 2011 were of similar quantities, took place in the same area of Chicago, and were made to the informant. Clay stipulated that he resumed selling crack when he returned to Chicago in September 2010. We would be hard pressed to disagree with the district court that the sales were connected. *Compare United States v. Delatorre*, 406 F.3d 863, 866–67 (7th Cir. 2005) (finding common scheme or plan to distribute ecstasy where defendant conspired with same person to smuggle drugs from same supplier in same foreign city, despite three-year gap in pre-conviction conduct and offense of conviction), *and United States v. Nunez*, 958 F.2d 196, 198 (approving counting as relevant conduct cocaine sales to same buyer in 1988 and in 1990 despite interim imprisonment), *with United States v. Johnson*, 324 F.3d 875, 879–80 (7th Cir. 2003) (explaining that sales of large quantities of powder cocaine more than one year before being charged with sale of ounce of crack was not relevant conduct). Thus, we agree that this challenge would be frivolous.

Counsel next considers whether Clay could challenge the 2-level increase he received for obstruction of justice. At sentencing, the district court found that Clay's

testimony at the suppression hearing was not "mere misremembering" but instead had been a deliberate attempt to mislead the court into ruling that his *Miranda* waiver and statements were involuntary. The court articulated the elements of perjury and concluded that Clay's false testimony satisfied those elements. *See United States v. Parker*, 716 F.3d 999, 1011 (7th Cir. 2013); *United States v. Vallar*, 635 F.3d 271, 288 (7th Cir. 2011). We thus agree with counsel that this potential argument would be frivolous.

We also agree with counsel that it would be frivolous for Clay to argue that the district court erred in rejecting his request for an offense-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). Because the court properly found that Clay had obstructed justice by lying at the suppression hearing, Clay needed to show exceptional circumstances to overcome the presumption that he did not accept responsibility. *See United States v. Gonzalez-Mendoza*, 584 F.3d 726, 730–31 (7th Cir. 2009). The judge found that exceptional circumstances did not exist, and we would not set aside that assessment. *See United States v. DeLeon*, 603 F.3d 397, 408 (7th Cir. 2010); *United States v. White*, 582 F.3d 787, 797 (7th Cir. 2009). (The judge also explained, however, that Clay should receive some credit for accepting responsibility because he pleaded guilty, and thus sentenced him below the guidelines range.)

Last, counsel explains that it would be frivolous for Clay to challenge the length of his prison sentence. We agree. The district court correctly calculated the guidelines range and sentenced Clay below that range. A below-range sentence is presumed to be reasonable, *see United States v. Womack*, 732 F.3d 745, 747 (7th Cir. 2013); *United States v. Howard*, 729 F.3d 655, 664 (7th Cir. 2013); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and Clay has presented nothing that would require disrupting that presumption.

Finally, in his Rule 51(b) response, Clay expresses dissatisfaction with the lawyer who represented him in the district court. Clay does not identify a specific shortcoming in counsel's performance, and, even if he did, a claim that the lawyer was ineffective is better raised in a postconviction proceeding. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Accordingly, counsel's motion is GRANTED and the appeal is DISMISSED.