# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-1659

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JUAN MELENDEZ, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01 CR 30172—**William D. Stiehl**, *Judge.*

SUBMITTED JULY 26, 2006—DECIDED OCTOBER 27, 2006

Before RIPPLE, KANNE, and, WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Juan Melendez was convicted by a jury of conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), and aiding and abetting the possession of marijuana with intent to distribute in excess of 100 kilograms in violation of 18 U.S.C. § 2 and 21 U.S.C.§ 841(a)(1) & (b)(1)(B) (Count 2). Melendez appealed his convictions, sentence, and forfeiture. In *United States v. Melendez*, 401 F.3d 851 (2005), we affirmed the conviction and forfeiture but ordered a limited remand to ask whether the district judge, had he known the Sentencing Guidelines were advisory, would have imposed the same sentence on Melendez. *See United States v. Booker*, 543 U.S. 220 (2005);

*United States v. Paladino*, 401 F.3d 471, 484-85 (7th Cir. 2005). Judge Stiehl answered that he would. Therefore, there was no prejudice arising from the *Booker* error, and we review Melendez's sentence for reasonableness. *See United States v. Re*, 419 F.3d 582, 583 (2005) (citation omitted).

Because we did not previously evaluate the appropriateness of the Guidelines calculation, we do so now. In addition to the convictions, the jury returned a special verdict finding beyond a reasonable doubt that the amount of marijuana involved in the Count 1 conspiracy exceeded 1000 kilograms and the amount in Count 2 exceeded 100 kilograms. At sentencing, the district judge, in agreement with the presentence report, found by a preponderance of the evidence that the conspiracy involved between 10,000 and 30,000 kilograms and that Melendez was the leader or organizer of the conspiracy. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(c)(2) & 3B1.1(a) (2002). The judge determined the offense level was 40 and criminal history category was I, giving a range of 292-365 months. The judge imposed a sentence of 300 months' imprisonment. Melendez challenges the court's calculation of the quantity of marijuana and finding as to his role in the conspiracy.

We review the district court's interpretation of the Sentencing Guidelines de novo and factual conclusions for clear error. *United States v. Chamness*, 435 F.3d 724, 726 (7th Cir. 2006). The court's calculation of a drug amount is a finding of fact we review for clear error. *United States v. Olson*, 450 F.3d 655, 685 (7th Cir. 2006). Melendez is "liable not only for the amounts he personally sold but also for the foreseeable amounts sold by his co-conspirators." *Id.* (citing *United States v. Jarrett*, 133 F.3d 519, 531 (7th Cir. 1998)). The court's "determination of reasonable foreseeability is a factual determination reviewed for clear error." *Id.*

Melendez admits that for purposes of assessing his relevant conduct under the Sentencing Guidelines, he was

accountable for the marijuana which he supplied to Raymond Torbellin and which Torbellin stored for Melendez (4,082 kilograms), in addition to certain marijuana transactions in 2000 and 2001 (1,687.8 kilograms), a total of "only" 5,769.8 kilograms.[1] However Melendez argues it was clear error for the district court to have found an amount of more than 10,000 kilograms of marijuana. The court considered marijuana from a variety of sources in its calculus and determined Melendez was accountable for an amount exceeding 21,000 kilograms (the court approximated 25,000 kilograms). So if the record supports an amount from these additional sources in excess of 4,230.2 kilograms, there will be no clear error.

We need only consider the court's inclusion of the 10,227 kilograms (22,500 pounds) of marijuana Torbellin sold to Scott Vilmer during the conspiracy, all of which Melendez argues should have been excluded. Of this amount, Melendez argues 7,500 pounds is the same marijuana he admitted he provided to Torbellin before 1998 and 2,500 pounds is the marijuana relating to the 2000 and 2001 transactions. To include these, says Melendez, would be double counting. But that leaves 12,500 pounds (5,669.9 kg)–sufficient to uphold the sentence enhancement if properly included.

The 12,500 pounds represents the amount of marijuana Torbellin supplied to Vilmer between 1989 and 1998 when

---

[1] We note the court and Melendez used differing values to convert pounds to kilograms, with the court adopting the "rule of thumb" of 2.2 lb/kg and Melendez using 2.234 lb/kg. Because the kilogram measures mass and the pound measures weight— a man on the moon weighs less than he does on earth although his mass is unchanged—there is no absolute conversion value. Melendez's method works to his benefit because it yields a lower number of kilograms, but only by a fraction. In any event, Melendez did not raise the issue, and the discrepancy is insufficient to find clear error.

Melendez was not Torbellin's source. Melendez points to Torbellin's testimony, in which he stated he did not begin purchasing from Melendez until after he had been selling to Vilmer (although Melendez did admit in his brief to being a participant "early on"). Melendez also points to a two-year period (1994-96) in which Torbellin testified he had no contact with Melendez and was not selling marijuana to him. Melendez argues he was not liable for acts occurring before he entered the conspiracy and while he was not participating in it.

Even if we accept Melendez's argument, at most he can show that the 5,669.9 kilogram figure is an overstatement by some amount, but he goes no further. We can no more conclude the amount should have been reduced by 20 kilograms than by an amount in excess of 1,439.7 kilograms (the amount pushing Melendez past the 10,000 kilogram threshold). As such, Melendez cannot show it was clearly erroneous—and thus we are not left with a definite and firm conviction that a mistake has been made, *see, e.g., United States v. Feekes*, 929 F.2d 334, 338 (7th Cir. 1991)—to find him accountable at sentencing for an amount exceeding 10,000 kilograms. The enhancement under § 2D1.1(c)(2) was warranted.

Next, Melendez argues it was error for the court to assess a four-level increase under § 3B1.1(a) for his role in the conspiracy (involving five or more participants) as a leader or organizer. Again, the court's findings of fact will only be disturbed for clear error while its interpretation of the guidelines is reviewed de novo, *see United States v. Sensmeier*, 361 F.3d 982, 986 (7th Cir. 2004). Melendez argues he was not a leader or organizer, but merely a distributor.

At sentencing, the court discussed the trial testimony to support his finding that Melendez took an active part in the distribution activities of the organization (consisting

of at least twenty identified participants), particularly in the latter part of the conspiracy. Notably, Melendez instructed and supervised Fidel Trevino and Pablo Navarro (two men who accompanied him on at least one delivery), Salomon Rosales (a truck driver who drove a semi-truck trailer load of drugs), and delivery persons who transported the marijuana from Indianapolis, including Sylvia Cruz, Rene Olvera, Melendez's own wife, and a person known as "Danzo."

Melendez avoided physical labor and frequently oversaw and instructed others to break down the large loads of marijuana into ten-pound blocks, but he did personally tally the marijuana loads at the time of delivery to ensure that he was paid for every pound. He also approved a refund to Vilmer for 300 pounds of marijuana that was "bad." This mountain of evidence is more than adequate to affirm the district court's finding that Melendez was a leader or organizer under § 3B1.1(a) and uphold the resultant application of a four-level enhancement.

Because we conclude the district court properly calculated Melendez's guideline range (292-365 months) and imposed a sentence within that range (300 months' imprisonment), Melendez's sentence is entitled to a presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Melendez argues nevertheless his sentence is unreasonable under the factors delineated in 18 U.S.C. § 3553(a).

We will uphold sentences on *Paladino* remand if the district judge gave "meaningful consideration" to the statutory factors. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). Here, Judge Stiehl reaffirmed his sentencing rationale. He stated he considered the statutory sentencing factors, including the directive that the court impose a "sufficient, but not greater than necessary" sentence. Judge Stiehl recounted several factors he took

into account when he imposed Melendez's sentence. Melendez's arguments—resting primarily on his irrelevant conduct after sentencing, *see Re* 419 F.3d at 583—are insufficient to rebut the presumptive reasonableness of his sentence.

Melendez's sentence is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*