UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted December 14, 2006
Decided December 21, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-2195

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 02 CR 729-1 |
| REYES CARRILLO, *Defendant-Appellant*. | David H. Coar, *Judge*. |

## O R D E R

Reyes Carrillo was convicted of conspiracy, drug trafficking and attempted possession of cocaine and heroin with intent to distribute and was sentenced to 372 months' imprisonment. *United States v. Carrillo*, 435 F.3d 767 (7th Cir. 2006).  On appeal, we ordered a limited remand in light of our decision in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005).  *Carrillo*, 435 F.3d at 785.  The district court has responded that he would have imposed the same sentence in this case had the Guidelines been advisory instead of mandatory.  Carrillo argues that his case should be remanded for resentencing.

The district court's response that he would have imposed the same sentence means that "there was no prejudice arising from the *Booker* error, and we review [Carrillo's] sentence for reasonableness." *United States v. Melendez*, 467 F.3d 606, 607 (7th Cir. 2006) (citing *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005)).  Carrillo's

sentence of 372 months' imprisonment is within the Guidelines range and therefore is entitled to a rebuttable presumption of reasonableness. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court's response demonstrates that the district court properly considered the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005) ("Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate and explain why ... this defendant deserves more or less.")

Carrillo's arguments for resentencing are unavailing. First, he argues that this court's decision in *Mykytiuk* conflicts with the Supreme Court's decision in *Booker*. However, "[t]o say that a sentence within the [Guidelines] range presumptively is reasonable is *not* to say that district court judges ought to impose sentences within the range. It is only to say that, *if* the district judge does use the Guidelines, then the sentence is unlikely to be problematic." *United States v. Gama-Gonzalez*, – F.3d –, No. 06-1965, 2006 WL 3490843, at *1 (7th Cir. Dec. 5, 2006) (citing *United States v. DeMaree*, 459 F.3d 791, 794-95 (7th Cir. 2006) (emphasis in original)). Second, Carrillo argues that the district court's factual findings under the preponderance of the evidence standard cannot be relied upon and instead only the beyond the reasonable doubt standard should have been used. However, post-*Booker* district courts properly continue to make factual determinations under the preponderance standard as long as these determinations do not increase the statutory maximum sentence. *See United States v. Garcia*, 439 F.3d 363, 369 (7th Cir. 2006). Finally, Carrillo argues that he should have received the statutory minimum sentence of 120 months' imprisonment. However, the district court determined that Carrillo was "found to be the head of a large system for distributing narcotics," (R. at 294 pg. 6), and therefore a sentence of 372 months' imprisonment is reasonable.

The judgment of the district court is AFFIRMED.