In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3690

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOSE BEDOLLA-ZAVALA,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 2:09-cr-00051-RTR-2—**Rudolph T. Randa**, *Judge*.

ARGUED FEBRUARY 17, 2010—DECIDED JULY 2, 2010

Before RIPPLE, MANION and SYKES, *Circuit Judges*.

RIPPLE, *Circuit Judge*. Jose Bedolla-Zavala pleaded guilty
to one count of distribution of cocaine in excess of 500
grams, in violation of 8 U.S.C. §§ 841(a)(1) and (b)(1)(B).
The district court sentenced him to 78 months' imprison-
ment. Mr. Bedolla-Zavala now appeals his sentence,
contending that the district court erred in applying a
sentencing enhancement for obstruction of justice. *See*
U.S.S.G. § 3C1.1, Application Note 4(h). Because we con-
clude that the district court's application of the obstruc-

tion enhancement was correct, we affirm Mr. Bedolla-Zavala's sentence.

# I

# BACKGROUND

## A.

On February 7, 2009, law enforcement received information about a likely impending drug transaction involving Edwin Dejesus. In response, they set up surveillance outside of a home where a car registered to Dejesus was parked. They observed a silver minivan, occupied by two men, enter an alley behind the home and depart a short time later. Minutes later, Dejesus himself exited the home carrying a white bag and drove away. Police followed Dejesus's car, conducted a traffic stop and, during a search, recovered a white bag containing two kilograms of cocaine. Dejesus then agreed to cooperate with the authorities. He placed a recorded call to the man who had delivered him the drugs. During the call, Dejesus stated that he had "it"—the money for the drug transaction—and told the man on the other end of the line that he should come and pick it up. R.30, Attach. A.

While police surveillance continued, the same silver minivan seen earlier at the residence returned. In it, police found three men, including Mr. Bedolla-Zavala, who was carrying the cell phone to which Dejesus earlier had placed the call. At the time of his arrest, Mr. Bedolla-Zavala identified himself as Benino Jesus Arroyo-Arroyo and also provided a false date of birth. Prior to his arraignment, Mr. Bedolla-Zavala (then known to law enforce-

ment as Arroyo-Arroyo) met with a pretrial services officer who prepared a bail report for the court. He again repeated his alias and false date of birth, gave false names for his parents and also represented himself to be a legal resident of the United States. These false facts appear in the bail report prepared for the court.

Mr. Bedolla-Zavala's time as Arroyo-Arroyo was short-lived; prior to his initial appearance, his fingerprints readily revealed his true identity and the fact of his previous deportation.

**B.**

Mr. Bedolla-Zavala was charged with a single count of distribution of a controlled substance in violation of 8 U.S.C. §§ 841(a)(1) and (b)(1)(B). He pleaded guilty, and the Government agreed to recommend a two-level reduction to his offense level for acceptance of responsibility if his conduct continued to be cooperative, as well as an additional one-level reduction in consideration of his timely notification of his intention to plead guilty. *See* U.S.S.G. § 3G1.1(a) & (b). No representations were made in the agreement by either party with respect to the obstruction of justice enhancement in § 3C1.1.

The presentence report ("PSR") recommended a two-level enhancement for obstruction of justice. Mr. Bedolla-Zavala objected that his conduct in providing a false name was not properly classified as obstruction, and the Government concurred, noting that the conduct did not significantly hinder the prosecution, and the deception was uncovered quickly and through normal processes.

The district court denied the objection, finding that Mr. Bedolla-Zavala's conduct was expressly covered by the relevant Application Note. Consequently, the court accepted the recommendation of the PSR and applied the two-level enhancement for obstruction of justice. Mr. Bedolla-Zavala now appeals.

## II

## DISCUSSION

Mr. Bedolla-Zavala's sole contention is that the district court erred in applying the obstruction of justice enhancement. He claims that there is no evidence that his statements were made with an intent to deceive, as he had been using the alias that he provided to the authorities throughout his time in the United States. He further claims that his false information was not "material[]," U.S.S.G. § 3C1.1, Application Note 4(h), because it had no effect on the outcome of any issue in the case and did not cause any significant hindrance in the investigation or prosecution. Because his challenge concerns only the correct application of the Guidelines, our review is de novo. *United States v. Eubanks*, 593 F.3d 645, 649 (7th Cir. 2010).

We begin with the language of the guideline. Section 3C1.1 provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive

conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

The district court, accepting the recommendations of the PSR, ruled that Application Note 4(h) instructed that the enhancement applied under the circumstances. Application Note 4 provides a "non-exhaustive list of examples of the types of conduct" to which the obstruction enhancement applies. *Id.*, Application Note 4. Among the other conduct listed, the note specifically references "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." *Id.*, Application Note 4(h).

Mr. Bedolla-Zavala contends that the district court should not have applied the obstruction guideline because, by its terms, it applies only to "willfully" obstructing conduct. Mr. Bedolla-Zavala maintains that he had no purpose to deceive when he identified himself as Arroyo-Arroyo because he had been living in the United States under that alias for some time.

We see no merit in this argument. As we have held, "the Guidelines provide that furnishing false information to a probation officer during a presentence [or other] investigation is itself conduct which constitutes obstruction of justice." *United States v. Thomas*, 11 F.3d 1392, 1400 (7th Cir. 1993). "Therefore, if the defendant willfully provided false information, then he willfully obstructed or attempted to obstruct the administration of justice." *Id.*

Contrary to his suggestion, the fact that Mr. Bedolla-Zavala used the alias in his private life hardly evinces that he was not being deceptive by employing it. It certainly does not establish that his statements to the pretrial services officer preparing the bail report were anything other than willful. There is simply nothing in the record to suggest that his provision of a false identity—including family and immigration information—was made by "mistake or negligence." *Cf. Thomas*, 11 F.3d at 1400.[1]

Mr. Bedolla-Zavala's attempted comparison to *United States v. Elliott*, 467 F.3d 688 (7th Cir. 2006), is unavailing. Although we did reject the application of the obstruction enhancement in the case of a defendant who gave an alias, we did so for reasons inapplicable to the present case. In addition to offense-specific considerations relevant in *Elliott*,[2] we noted that Application

---

[1] Nor do we see any merit to the cursory argument Mr. Bedolla-Zavala advances that it is "incredibly unjust" to hold him accountable for the misstatements since his English is non-fluent and he was not provided with an interpreter during his first meeting with pretrial services. Mr. Bedolla-Zavala apparently understood the questions sufficiently to provide names and dates of birth—although they were not his own.

[2] In *United States v. Elliott*, 467 F.3d 688, 691 (7th Cir. 2006), the offense itself included an escape, and, therefore, we noted that deception was an inherent part of the criminal act, already taken into account in the normal guidelines range; to consider it again in determining whether to apply an obstruction enhancement generally would be double counting in such cases. *Id.* at 691. The Guidelines themselves recognize as much. *See*

(continued...)

Note 5(a) instructs sentencing courts *not* to apply the enhancement for "providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense," but this note does not govern in the present case. Note 5(a) limits the reach of the obstruction enhancement to cases in which the investigation is significantly hindered, but only when the conduct upon which the enhancement is sought is the provision of false information *at the time of arrest*. It does not limit the instruction of Application Note 4(h) regarding the provision of false information to a probation officer preparing an investigation *for the court*. This distinction in the application note embodies the Commission's reasoned—and realistic—judgment that a false statement to a court officer, in the preparation of a specific report to be used by the court for a specific decision, is a far more serious matter than an opportunistic lie made during the confrontation of an arrest situation.

Finally, Mr. Bedolla-Zavala contends that his statement was not "material," and, therefore, Application Note 4(h)

---

[2] (...continued)
U.S.S.G. § 3C1.1, Application Note 7 (noting that the enhancement shall not apply to various offenses involving deceit). The district court in *Elliott* had applied the enhancement based on the proviso that, even in escape cases, the enhancement is appropriate where "significant further obstruction" has occurred. We held that providing an alias that law enforcement *immediately* knew to be false was not within the scope of the relevant note.

does not apply by its terms. Mr. Bedolla-Zavala's argument relies on the fact that his "alias actually had no effect" on the "case or its outcome." Appellant's Br. 14. His true identity became known by the time the court decided the bail issue.

We already have rejected this understanding of the materiality inquiry. The application notes define "material" in relevant part as "information that, if believed, *would tend to influence or affect* the issue under determination." U.S.S.G. § 3C1.1, Application Note 6 (emphasis added); *see United States v. Owolabi*, 69 F.3d 156, 163 (7th Cir. 1995) (noting that whether "the government was still able to ascertain" the truth despite the defendant's attempted deception did not control whether false statements were "material"). The relevant considerations are the kind of information provided and its tendency to influence the court, not the actual effect of a particular misstatement. Personal information is a highly relevant factor in determining whether a defendant should remain in custody or be granted bond, and thus is material not only at sentencing, but at arraignment.[3] Mr. Bedolla-

---

[3] We have held that information concerning a date of birth and even a date of high school graduation is "material" within the meaning of the guideline, because such false information can "thwart[] the probation officer from investigating the defendant's personal and criminal history, which are major factors in determining a defendant's sentence." *United States v. Thomas*, 11 F.3d 1392, 1400-01 (7th Cir. 1993); *see also United States v. Ojo*, 916 F.2d 388, 390 (7th Cir. 1990) (holding that the defendant's

(continued...)

Zavala's concealment of his true identity, when coupled with deception about his legal status in the United States, certainly could have influenced the district court's decision about whether or not to detain him following his arraignment.

Under these circumstances, the false information Mr. Bedolla-Zavala provided was material, and his conduct "falls squarely within the application note." *United States v. Ojo*, 916 F.2d 388, 393 (7th Cir. 1990).

## Conclusion

The district court did not err in applying the obstruction of justice enhancement of § 3C1.1 in sentencing Mr. Bedolla-Zavala. Accordingly, we affirm the sentence imposed by the district court.

AFFIRMED

---

[3] (...continued)
false information to a pretrial services officer including "her name, date of birth, length of residence in the United States, current address, family history, financial status and arrest record" supported the enhancement); *United States v. Blackman*, 904 F.2d 1250, 1259 n.11 (8th Cir. 1990) (noting that "[c]learly the identification of the defendant is a material fact," and upholding the enhancement although the authorities were not foiled by the defendant's deception).

---