**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 11, 2012
Decided April 18, 2012

**Before**

JOEL L. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2040

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 CR 1022-1 |
| ANTONIO RINCON, *Defendant-Appellant.* | Amy J. St. Eve, *Judge*. |

**O R D E R**

Antonio Rincon pleaded guilty to conspiring to possess with intent to distribute and to distributing cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 210 months' imprisonment, the bottom of the applicable guidelines range. After he filed a notice of appeal, Rincon asked the district court to reconsider his sentence; the court denied the motion based on lack of jurisdiction. Rincon's appointed lawyer now seeks to withdraw because he believes the appeal would be frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Rincon has not filed a response. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Rincon does not want his guilty plea set aside, so counsel properly does not discuss the validity of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

Counsel does consider whether Rincon could challenge the two-level increase in offense level he received for obstruction of justice, *see* U.S.S.G. § 3C1.1, for denying in his plea petition that he had any previous convictions; in fact he had been convicted of a federal drug crime in 1998 under an alias. But counsel correctly determines that this argument would be frivolous. A defendant obstructs justice if he willfully provides materially false information to a judge or probation officer. U.S.S.G. § 3C1.1 & cmt. n.4(F), (H); *United States v. Bedolla-Zavala*, 611 F.3d 392, 395 (7th Cir. 2010); *United States v. Sharp*, 436 F.3d 730, 737 (7th Cir. 2006). The district court found that Rincon willfully misrepresented his criminal history because he "thought he could get away with it," a credibility determination to which we give special deference. *See United States v. DeLeon*, 603 F.3d 397, 403 (7th Cir. 2010). And the misrepresentation was material because it affected his sentence: the 1998 conviction increased Rincon's criminal history (from category I to II), and the government said at sentencing that the delay in discovering the prior conviction prevented it from filing an information under 21 U.S.C. § 851 to increase Rincon's sentence. *See United States v. Stokes*, 211 F.3d 1039, 1045–46 (7th Cir. 2000).

Counsel also considers but properly rejects as frivolous the argument that Rincon should have received an acceptance-of-responsibility adjustment for pleading guilty and giving the government a full account of his participation in the crime. When a defendant has obstructed justice, as Rincon did, he is presumed not to have accepted responsibility for his offense. U.S.S.G. § 3E1.1, cmt. n.4; *United States v. Gonzalez-Mendoza*, 584 F.3d 726, 730–31 (7th Cir. 2009). And as the district judge noted, the circumstances here did not make his case extraordinary. *Id.*

Counsel next considers whether Rincon could challenge the district court's decision to deny the pro se motion to reconsider his sentence—a motion that he filed 13 days after the court's oral pronouncement of his sentence. The court rejected the motion five days later, explaining that Rincon's filing of his notice of appeal had divested it of jurisdiction. Counsel says that the court's dismissal for lack of jurisdiction is correct, but adds that Rincon's motion should have been construed as one under Federal Criminal Procedure Rule 35(a), which authorizes a court within 14 days after sentencing to correct a sentence based on a technical or clear error. We agree with counsel that any challenge to the court's ruling would be frivolous. To the extent that Rincon's motion arose under Rule 35(a), the district court lost jurisdiction to rule on the motion once the 14-day deadline passed. *See* FED. R. APP. P. 4(b)(5); *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001); *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011); *United States v. Miller*, 594 F.3d 172, 177, 182 (3d Cir. 2010). And to the extent that the motion sought merely reconsideration, the court was

right that Rincon's filing of a notice of appeal divested it of jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008).

Counsel lastly considers whether Rincon could argue that his prison sentence was unreasonable. Rincon's sentence is at the bottom of his 210 to 262 month range (based on an offense level of 36 and a criminal history category of II) and so it is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel has not identified any reason to set aside that presumption, nor can we. The district court meaningfully addressed the factors in 18 U.S.C. § 3553(a), including the need to deter him and others from selling cocaine, and to protect the public.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.