**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 25, 2013
Decided February 26, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2797

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08-CR-190 |
| MIGUEL ANGEL DELACRUZ-DEJESUS, <br> aka CANDELIL RODRIGUEZ, <br> *Defendant-Appellant.* | Rudolph T. Randa, <br> *Judge.* |

**O R D E R**

Miguel Delacruz-DeJesus pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, crack cocaine, and heroin. 21 U.S.C. §§ 846, 841(a)(1). (At earlier stages of this case, the defendant went by the name Candelil Rodriguez, an alias.) The district court sentenced the defendant to 174 months' imprisonment, which was within the guidelines range of 168 to 210 months. The defendant filed a notice of appeal, but his appointed attorney has not identified a potentially meritorious issue to pursue and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). The defendant has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Although counsel does not inform us whether she asked the defendant if he wants his guilty plea set aside, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), she first considers whether he could raise a meritorious challenge to the voluntariness of the plea or the adequacy of the plea colloquy. We agree with counsel that any challenge to the defendant's guilty plea would be frivolous. Since the defendant did not seek to withdraw his guilty plea in district court, our review would be for plain error. *See United States v. Tello*, 687 F.3d 785, 791 (7th Cir. 2012). During the plea colloquy the court did not warn the defendant that he could be prosecuted for perjury if he gave false statements under oath. *See* Fed R. Crim P. 11(b)(1)(A). Neither did the court tell the defendant that he could persist with his plea of not guilty, have a lawyer at every stage of the case, and compel the attendance of witnesses at trial. *See id.* 11(b)(1)(B), (D), (E). And the court said nothing concerning the factors guiding its determination of a sentence. *See id.* 11(b)(1)(M). Yet none of these omissions affected the defendant's substantial rights. *See id.* 11(h); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010). The defendant signed a plea agreement, which alerted him that lying under oath during the plea colloquy could lead to prosecution for perjury. That document also informed the defendant that he could compel witnesses to attend a trial and explained how the district court would determine a sentence. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). And despite the district court's omissions, the defendant necessarily was aware of his rights to counsel and to persist with a plea of not guilty. He was represented by a lawyer and had been throughout the proceedings, and he already had pleaded not guilty. *See Knox*, 287 F.3d at 670; *United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988).

In her *Anders* submission, counsel also evaluates whether the defendant could argue that the district court erred in imposing upward adjustments for his role as an organizer or leader of the drug conspiracy, *see* U.S.S.G. § 3B1.1(a), and for obstruction of justice, *see id.* § 3C1.1. Counsel correctly concludes that any challenge to these adjustments would be frivolous. In his plea agreement the defendant stipulated to facts identifying him as the leader of a Milwaukee-area drug conspiracy with more than five distributors working under his direction, including two women selling from a residence he paid for. At sentencing the lawyer then representing the defendant acknowledged, correctly, that these facts support an adjustment under U.S.S.G. § 3B1.1(a). *See United States v. Melendez*, 467 F.3d 606, 608–09 (7th Cir. 2006); *United States v. Hardamon*, 188 F.3d 843, 851–52 (7th Cir. 1999). In addition, the defendant lied about his name and date of birth to investigators and during his court appearances—including under oath at his plea colloquy—before admitting his true identity during the presentence interview. Thus he could not present a nonfrivolous argument that the court erroneously applied an increase for obstruction of justice. *See* U.S.S.G. § 3C1.1 cmt. n.4(F); *United States v. Bedolla-Zavala*, 611 F.3d 392, 394–96 (7th Cir. 2010); *United States v. Thomas*, 11 F.3d 1392, 1399–1401 (7th Cir. 1993).

Finally, counsel advises that she combed the record but found no other colorable basis to challenge the defendant's sentence. Counsel correctly notes that the defendant was sentenced to five years of supervised release, the statutory minimum, and that his Category I criminal history is the lowest possible. And the district court considered the sentencing factors identified in 18 U.S.C. § 3553(a), focusing on the defendant's continuous involvement with drug distribution during his time in this country. Any challenge to the reasonableness of his within-guidelines sentence would be frivolous.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.