# United States Court of Appeals
## For the First Circuit

No. 17-1914

UNITED STATES OF AMERICA,

Appellee,

v.

CARLOS MANUEL PÉREZ-CRISOSTOMO, a/k/a Nelson Calderon,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. George Z. Singal, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

MiAngel Cody on brief for appellant.
Benjamin M. Block, Assistant United States Attorney, and Halsey B. Frank, United States Attorney, on brief for appellee.

August 10, 2018

**LYNCH**, **Circuit Judge**.  Carlos Manuel Pérez-Crisostomo ("Crisostomo") appeals from his 121-month sentence, arguing that the district court erred in calculating his Guidelines sentencing range ("GSR") because it imposed an unwarranted sentence enhancement for obstruction of justice and denied him credit for acceptance of responsibility.  Having carefully reviewed the record -- which shows that Crisostomo maintained a false identity throughout his criminal proceedings -- we disagree and affirm.

I.

For many years predating this offense, Crisostomo, a citizen of the Dominican Republic, used the identity of a U.S. citizen, "Nelson Calderon."  On March 7, 2016, Crisostomo was charged with one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.  Crisostomo pleaded guilty without any plea agreement as "Nelson Calderon" on November 21, 2016.  He maintained this false identity throughout his criminal proceedings.

While the U.S. Probation Office ("USPO") was preparing Crisostomo's presentence investigation report ("PSR"), the government came across evidence of his false identity: it found a Puerto Rico driver's license photo of the real Nelson Calderon and a Dominican passport at Crisostomo's apartment under the name "Manuel Carlos."  Confronted with this evidence, Crisostomo

nevertheless continued to assert that he was, in fact, Nelson Calderon.

Crisostomo refused to provide the USPO with any information to verify his identity. Instead, he claimed that he was born in Puerto Rico and orphaned at a young age, but could not name the church he was allegedly raised by or the school he had attended. He claimed that he had a brother in New York (and no other family), but was unable to provide his brother's name. He claimed to have a significant drug and alcohol addiction. And he claimed to have a doctor (who treated him for various other ailments) in Maine, but the USPO could not find any evidence that such a doctor actually existed. As a result, the USPO was unable to piece together an accurate social or criminal history.

The PSR calculated that Crisostomo's offense level was 32 (which included a two-level obstruction enhancement, and no credit for acceptance of responsibility), and that his criminal history category was I, resulting in a GSR of 121-151 months of imprisonment, see U.S.S.G. ch. 5, pt. A, sentencing table. Crisostomo's counsel objected to the obstruction of justice enhancement in the PSR, arguing that Crisostomo "ha[d] no memory of any other identity," and had "suffered a series of head traumas which affect his cognition and memory." However, defense counsel later filed a motion to continue because Crisostomo finally admitted his true identity.

Sentencing was delayed to September 7, 2017. At the outset of the hearing, Crisostomo still maintained that he was "Nelson Calderon," but added that "[he] heard [he was] known as Carlos."

Two of his relatives testified at the hearing and flatly contradicted Crisostomo's previous statements. His sister-in-law stated that she had always "called him Carlos," and was "definitely sure" he had never used drugs. She also revealed that he used the name "Nelson Calderon" in order "to be a U.S. citizen" to avoid deportation. His niece stated that he often visited her family in Providence, Rhode Island, and that he was helpful to her family.

In light of this testimony and other facts provided by the prosecution, the district court adopted the PSR's Guidelines calculation, over the objection of Crisostomo's counsel. The district court stated:

> I am particularly troubled by repeated attempts by this defendant to mislead the Court. . . . I have indicated earlier that his family history, in my view, was deliberately falsified. His personal history was falsified. Where he lived was falsified. . . . Most troubling is that even today when he is fully aware that I have become aware of his true identity he continues to attempt to mislead me with regard to his true identity.

Nevertheless, the district judge imposed a sentence at the low end of the GSR: 121 months' imprisonment. He also added a condition to the PSR's terms of supervised release requiring Crisostomo to

surrender to the Department of Homeland Security for possible deportation upon the completion of his sentence. Crisostomo timely appealed.

## II.

Crisostomo raises two procedural challenges to the district court's calculation of his GSR; he does not contest the substantive reasonableness of his sentence. We review the district court's findings of fact for clear error and conclusions of law de novo. See United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). Because Crisostomo's claims are meritless, we affirm his sentence.

### A. Obstruction of Justice Enhancement

The Sentencing Guidelines state that "providing materially false information" to a probation officer regarding an "investigation for the court", or to a judge or magistrate judge, merits application of a two-level obstruction of justice enhancement. U.S.S.G. § 3C1.1, cmt. n.4(F),(H). Crisostomo nevertheless argues that the district court erred in imposing the enhancement in his case because (1) he did not act "willfully," and (2) his false statements did not pose a "significant hindrance" to the government's prosecution. Both arguments are unavailing.

First, the record contains ample support for the district court's finding that Crisostomo acted with "conscious motivation to fabricate" his identity. He not only repeatedly

- 5 -

lied about his name and citizenship status, but also concealed the fact that he had family members in Rhode Island, whom he regularly visited, and provided the name of a fictitious doctor, who he alleged had treated him for his various claimed medical ailments.

Further, Crisostomo's only defense -- that he unwittingly maintained a false identity due to "memory problems related to a brain injury and lifelong substance abuse" -- is highly implausible. He failed to provide any evidence of his supposed condition, and his assertions about his memory loss and drug abuse were flatly contradicted by his sister-in-law's statements at the sentencing hearing. That ends the matter.

Crisostomo's second argument -- that his false statements were not "material" -- is plainly wrong and foreclosed by circuit precedent. As a threshold matter, the correct standard of materiality here is not, as Crisostomo asserts, whether the statements "resulted in a significant hindrance to the investigation or prosecution of [his] instant offense." U.S.S.G. § 3C1.1, cmt. n.5(A). That only applies to defendants who provide a false identity upon arrest. Id. Here, Crisostomo continually maintained a false identity until sentencing. Accordingly, we need only decide whether the falsehood "could have impacted the decisions of the sentencing court." See United States v. Kelley, 76 F.3d 436, 441 (1st Cir. 1996).

The district court expressly found that Crisostomo's false statements impacted its decisions. The court stated that Crisostomo's insistence that he was Nelson Calderon made it "difficult for probation to prepare [an accurate] life history" and led the court "down the wrong path."

This court has also repeatedly affirmed that lying about one's name and nationality during criminal proceedings is material and merits an obstruction enhancement.[1] See, e.g., United States v. Berrios, 132 F.3d 834, 840 (1st Cir. 1998) (affirming obstruction enhancement for providing a false name, date of birth, and other personal information during trial); United States v. Restrepo, 53 F.3d 396, 397-98 (1st Cir. 1995) (affirming obstruction enhancement for providing false identification information to pretrial services officer); United States v. Biyaga, 9 F.3d 204, 205-06 (1st Cir. 1993) (affirming obstruction enhancement for lying about name and citizenship status to probation officer). The obstruction enhancement here was plainly warranted.

---

[1] Other circuits have held the same. See, e.g., United States v. Trujillo, 502 F.3d 353, 359 (5th Cir. 2007) (affirming obstruction enhancement for defendant who provided false statement about his nationality to probation officer); United States v. Mohammed, 27 F.3d 815, 823 (2d Cir. 1994) (affirming obstruction enhancement for defendant who provided false name to probation officer in order to conceal his criminal history); accord United States v. Doe, 661 F.3d 550, 566-67 (11th Cir. 2011); United States v. Bedolla-Zavala, 611 F.3d 392, 396-97 (7th Cir. 2010); United States v. Wilson, 197 F.3d 782, 785-86 (6th Cir. 1999).

B.    Acceptance of Responsibility Credit

Crisostomo also contends that the district court erred in denying him credit for acceptance of responsibility -- a two-level reduction defendants often receive for timely pleading guilty, see U.S.S.G. § 3E1.1(a) -- because he says that the denial was based solely on the court's erroneous obstruction finding. This argument merely rehashes his previous objection, which we squarely rejected above.

To the extent that Crisostomo is also arguing that he is entitled to credit notwithstanding the district court's determination that he "willfully obstructed . . . the administration of justice," id. § 3C1.1, that argument clearly fails. "Conduct resulting in [such] an enhancement . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." Id. § 3E1.1, cmt. n.4. Although this court has noted that an exception may be made in "extraordinary cases," district courts are certainly not required to give such a credit to defendants whenever they waive formal indictment or do not object to the government's characterization of their offense in the PSR. See United States v. Maguire, 752 F.3d 1, 6 (1st Cir. 2014). The record shows that the district court here carefully considered the circumstances and found that Crisostomo did not warrant the two-level reduction. There was no error, clear or otherwise.

The sentence is <u>affirmed</u>.