**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2021
Decided August 17, 2021

*Before*

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-3147

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:16-CR-00107(1) |
| GABRIEL ROSAS, *Defendant-Appellant*. | Andrea R. Wood, *Judge*. |

**O R D E R**

After applying a two-level enhancement under the Sentencing Guidelines for obstructing justice by lying, the district court sentenced Gabriel Rosas to 78 months in prison for two firearm-possession crimes. On appeal Rosas contends that the judge erred by finding that his lies during pretrial-detention proceedings supported that enhancement. In *United States v. Bedolla-Zavala*, 611 F.3d 392, 396 (7th Cir. 2010), we ruled that a defendant's lies during pretrial proceedings about his personal information are material to the outcome of the case and therefore warrant the enhancement. Relying on that decision, the judge correctly applied the obstruction enhancement. We thus affirm.

## I. Background

Rosas was charged with two counts of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and one count of distributing cocaine, 21 U.S.C. § 841(a)(1). Seeking release pending trial, Rosas told pretrial services and the magistrate judge that he had cancer and needed chemotherapy treatment every three months. Based on this information, pretrial services recommended release pending trial, even though other factors weighed against it. Because Rosas did not initially provide medical records substantiating his treatment, the magistrate judge deferred ruling on detention until Rosas supplied his records.

After receiving those records, the magistrate judge found that Rosas had lied about his health. The records showed that although Rosas had been diagnosed with cancer in 2012, he was now in remission and had not received chemotherapy treatment since 2014. The lies, the magistrate judge explained, undermined Rosas's credibility and placed pretrial service's recommendation "somewhat on shaky ground." The magistrate judge denied pretrial release for 12 reasons, one of which related to the lies.

Rosas eventually pleaded guilty to two counts of possessing a firearm as a felon. In calculating the advisory range under the Sentencing Guidelines, the probation office recommended enhancements, including a two-level adjustment for obstructing justice based on Rosas's lies that he needed cancer treatment. *See* U.S.S.G. § 3C1.1. Rosas objected to that enhancement. He argued that the statements were not material to the detention order because the order was based on 12 distinct reasons, only one of which pertained to his lies. He also argued that his lies did not bear on his guilt or innocence or otherwise involve relevant conduct.

After hearing arguments at sentencing, the judge applied the obstruction-of-justice enhancement. In doing so, she briefly questioned whether the enhancement covered Rosas's situation: "Frankly, it's not clear to me that this is the type of misrepresentation, material misrepresentation, that the obstruction provision of the guidelines in [§] 3C1.1 is intended to get at. I think that it is more directed toward decisions by the [c]ourt that relate to actual guilt or innocence … ." Nonetheless, the judge concluded for two reasons that she could not ignore the magistrate judge's finding that Rosas had lied about his health status during detention proceedings. First, the lies were material to the ruling on pretrial detention; chemotherapy treatment is often cited as a reason to release a defendant. Second, the judge observed that under *Bedolla-Zavala* a lie during pretrial proceedings need not affect the defendant's guilt or innocence for the obstruction-of-justice enhancement to apply.

The judge then calculated the Sentencing Guidelines range of 121 to 151 months in prison based on a total offense level of 29 and a criminal history category of IV. (Without the enhancement for obstruction of justice, the range would have been 100 to 125 months in prison.) After consulting the factors under 18 U.S.C. § 3553(a), the judge sentenced Rosas to 78 months in prison, below the bottom of the calculated range. She explained that the obstruction enhancement overstated Rosas's offense: "I don't think it reflects on Mr. Rosas's remorse or his crime, his acceptance of responsibility[,] or is something that is the kind of traditional obstruction that usually bumps up a sentence." For "largely" those reasons she imposed a below-Guidelines sentence.

## II. Discussion

Rosas accepts the judge's factual finding that he lied about his health during the pretrial proceedings but nonetheless challenges her decision to impose an enhancement for obstruction of justice based on those lies. We review de novo whether the judge correctly imposed the sentencing enhancement. *See United States v. Bowling*, 952 F.3d 861, 869 (7th Cir. 2020). The obstruction-of-justice enhancement requires a two-level adjustment to the offense level when: "[T]he defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and … the obstructive conduct related to … the defendant's offense of conviction … ." § 3C1.1. Application Note 4 lists examples of behavior that warrant the adjustment, including "providing materially false information to a judge or magistrate judge," § 3C1.1 cmt. n.4(F), or to "a probation officer in respect to a presentence or other investigation for the court," § 3C1.1 cmt. n.4(H). *See also United States v. Owolabi*, 69 F.3d 156, 163 (7th Cir. 1995) (applying to an officer who prepares pretrial-detention reports).

Rosas contends that the enhancement was improper because his lies about the cancer treatment to pretrial services and the magistrate judge were not material to the outcome of the case. He no longer argues that the 11 other reasons for denying detention render the 12th reason (involving the lies) immaterial. Rather, he argues that his lies were irrelevant to his guilt. Even the judge, Rosas observes, recognized in her ruling that his lies did not bear on his guilt or innocence of possessing a firearm as a felon.

But our decision in *Bedolla-Zavala* forecloses this argument. There, we rejected a defendant's contention that his lies about his name, birthdate, and immigration status to a pretrial services officer did not affect his guilt or innocence, and thus were immaterial and did not support the obstruction enhancement. *Bedolla-Zavala*, 611 F.3d at 396. The

Sentencing Guidelines define "material" as "information that, if believed, *would tend to influence or affect* the issue under determination." *Id.* (quoting § 3C1.1 cmt. n.6). A lie therefore that "could have" affected a ruling on pretrial custody is material. *Id.* As the government points out and the judge observed, Rosas's lies about ongoing cancer treatment were material to the issue under determination when he lied—whether the court should detain him before trial. The judge thus rightly applied the enhancement based on those lies.

Rosas tries to distinguish *Bedolla-Zavalla.* He contends that there, and in other cases discussing the obstruction enhancement, the lies related to identity or criminal history and therefore could have affected the prosecution or culpability of the defendant. This distinction does not make *Bedolla-Zavalla* inapplicable.

First, like the lies in *Bedolla-Zavalla*, Rosas's lies could have subverted the prosecution. A defendant's physical condition is a factor that courts must consider in determining pretrial release. *See* 18 U.S.C. § 3142(g)(3)(A). If Rosas had procured his pretrial release based on his lies about his health, he could have fled and impeded the prosecution. That is why "[p]ersonal information"—not just identity and criminal history—"is a highly relevant factor in determining whether a defendant should remain in custody or be granted bond, and thus is material" at sentencing and arraignment. *United States v. Sandoval*, 747 F.3d 464, 468 (7th Cir. 2014) (quoting *Bedolla-Zavala*, 611 F.3d at 396). Other cases that Rosas cites merely clarify that for the enhancement to apply, obstructive conduct must affect the current prosecution (as occurred here), not uncharged offenses. *See, e.g., United States v. Ramunno*, 133 F.3d 476, 481 (7th Cir. 1998) (enhancement did not apply to defendant's role in concealing proceeds of uncharged offenses); *United States v. Partee*, 31 F.3d 529, 531–33 (7th Cir. 1994) (enhancement did not apply to defendant's refusal to testify at codefendant's trial).

Rosas's lies affected the prosecution in another way—by wasting resources. He remained silent while his counsel unwittingly used Rosas's lies to invite the magistrate judge to delay the case for three weeks to obtain (nonexistent) records about Rosas's current cancer treatment. Lies that waste governmental resources—here, by needlessly delaying a case—justify applying the enhancement. *See Owolabi*, 69 F.3d at 164; *see also United States v. Selvie*, 684 F.3d 679, 684 (7th Cir. 2012) ("Material misinformation that exerts any impact on the government's resources may elicit an obstruction enhancement.").

We end with a final observation. Even if the judge should not have applied the enhancement, a remand would be pointless because any error under the Sentencing

Guidelines was harmless. The judge signaled that after weighing the factors under § 3553(a), the two-level enhancement did not affect the final sentence. *See United States v. Carter*, 961 F.3d 953, 959–60 (7th Cir. 2020). She reasoned that the enhancement overstated Rosas's offense because his lies were not the "traditional" type of obstruction. Based in part on this assessment, the judge then imposed a sentence of 78 months in prison, well below the advisory range of even 100 to 125 months that would have applied without the enhancement. The judge thus said enough to show that even if the enhancement did not apply, the sentence would not change.

AFFIRMED